993 P.2d 555

**STATE of Hawai'i, Respondent–Appellee,**

v.

**Jonathan RIVEIRA, Petitioner–Appellant**

**No. 21871.**

Supreme Court of Hawai'i.

Feb. 14, 2000.

---

Robert Nakatsuji (Deputy Public Defender), on the application for writ of certiorari for the petitioner-appellant Jonathan Riveira on the writ.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, JJ., and Circuit Court Judge MILKS.

Opinion of the Court by LEVINSON, J.

We granted the application of the petitioner-appellant Jonathan Riveira for a writ of certiorari to review the opinion by the Intermediate Court of Appeals (ICA), 92 Hawai'i 521, 993 P.2d 580, filed on December 29, 1999 [hereinafter, the ICA's majority opinion], affirming the judgment of the district court of the third circuit, filed on May 14, 1998. Riviera argues that the ICA erred in holding that his juvenile adjudication constituted a conviction, pursuant to Hawai'i Revised Statutes (HRS) § 431:10C–117 (1993 & Supp.1997),[1] for the purposes of applying the repeat offender sentencing provision therein to the offense of driving without no-fault insurance.

We agree with Riveira that the ICA's majority opinion reached an erroneous result. In contrast to the ICA's majority opinion, we hold that HRS § 571–1 (1993)[2] mandates against treating juvenile adjudications as convictions. The reasoning underlying our holding is addressed succinctly by Judge Acoba's dissent [hereinafter, the dissent]. Accordingly, we reverse the ICA's majority opinion with respect to whether a defendant's juvenile adjudication may be treated as a conviction, summarily adopt the dissent, va-

1. As of October 8, 1997, HRS § 431:10C–117 provided in relevant part:

> (a)(1) Any person subject to this article in the capacity of the operator, owner, or registrant of a motor vehicle operated in this State, or registered in this State, who violates any applicable provision of this article, shall be subject to citation for the violation by any county police department in a form and manner approved by the traffic violations bureau of the district court of the first circuit;
>
> (2) Notwithstanding any provision of the Hawaii Penal Code:
> (A) Each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended except as provided in subparagraph (B); and
> (B) If the person is *convicted* of not having had a motor vehicle insurance policy in effect at the time the citation was issued, the fine shall be $500 for the first offense and a minimum of $1,500 *for each subsequent offense that occurs within a five-year period from any prior conviction* [.]
> ....

(Emphasis added.)

2. HRS § 571–1 provides in relevant part:

> This chapter creates within this State a system of family courts.... The court shall conduct all proceedings to the end that no adjudication by the court of the status of any child under this chapter shall be deemed a conviction; no such adjudication shall impose any civil disability ordinarily resulting from conviction; *no child shall be found guilty or be deemed a criminal by reason of such adjudication; no child shall be charged with crime or be convicted in any court except as otherwise provided in this chapter;* and all children found responsible for offenses shall receive dispositions that provide incentive for reform or deterrence from further misconduct, or both.... *Any evidence given in any case under section 571–11 shall not in any civil, criminal, or other cause in any court be lawful or proper evidence against the child for any purpose whatever except in subsequent cases involving the same child under section 571–11.*

(Emphases added.) The ICA's majority opinion rejected HRS § 571–1 (1993) as inapplicable to its analysis. *Id.* at 554, 993 P.2d at 588.

cate the district court's judgment, and remand the case for resentencing.

Inasmuch as Riveira does not contest the ICA majority's analysis of the jurisdictional issues presented by this matter, and we agree that the ICA had jurisdiction to examine Riveira's appeal, we leave that section of the ICA's majority opinion undisturbed.

## I. BACKGROUND

On October 8, 1997, Riveira was cited for driving without no-fault insurance, in violation of HRS § 431:10C–104(a) (1993 & Supp. 1998).[3] On April 9, 1998, he pled no contest to the charge. Riveira had been adjudicated for the same offense on November 26, 1993, when he was seventeen years old.

The district court deemed Riviera a repeat offender and sentenced him to a fine of $1,500.00, pursuant to HRS § 431:10C–117(a)(2)(B), see supra note 1. On May 14, 1998, the district court entered its judgement. On August 27, 1998, Riveira filed a notice of appeal.

The ICA filed its opinion on December 29, 1999. As a preliminary matter, the ICA majority opinion noted, sua sponte, that Riveira had not filed a timely notice of appeal. Id. at 549, 993 P.2d at 583. The ICA's majority opinion determined that, as a "criminal defendant," Riveira was entitled to the present appeal. Id. at 549, 993 P.2d at 583. The ICA's majority opinion also ruled that Riveira's right to appeal was not waived by his plea of no contest. Id. at 551, 993 P.2d at 585.

The ICA's majority opinion recognized that "[t]he only issue on appeal [was] whether a defendant's juvenile adjudication for driving without no-fault insurance can be used to enhance the fine when he is convicted of the same offense as an adult." Id. at 551, 993 P.2d at 585. Relying on the absence of language excluding juveniles from the penalty provisions of § 431:10C–117(a)(2)(B), see supra note 1, the ICA majority determined that "there is no indication [that] the legislature intended to treat juvenile drivers differ-

ently from adult drivers for purposes of the no-fault insurance law[.]" Id. at 553, 993 P.2d at 587. In light of this reasoning, the ICA majority held that juveniles may be sentenced as repeat offenders under the no-fault insurance law. Id. at 554, 993 P.2d at 588. Accordingly, the ICA majority affirmed the sentence of the district court. Id. at 555, 993 P.2d at 589.

In his dissent, Judge Acoba noted that this court's decision in State v. Sylva, 61 Haw. 385, 605 P.2d 496 (1980), "left no doubt that any adjudicated violation of a criminal law by a minor does not constitute a conviction for adult sentencing purposes." Dissent at 555, 993 P.2d 589. Judge Acoba observed that "Sylva ... affirmed the plain language of HRS § 571–1[, see supra note 2,] which prohibits treating juvenile adjudications as convictions." Id. at 557, 993 P.2d at 591. He voiced the concern that, "[u]nder the reasoning adopted by the majority, a juvenile adjudication must be treated as a criminal conviction. In my opinion, this is not only violative of the provisions in HRS chapter 571 (1993)[,] but a rejection of the juvenile family court system altogether." Id. at 559, 993 P.2d at 593. Judge Acoba concluded that "[a]ssuredly no minor could be subjected to HRS § 431:10C–117 because[,] by virtue of HRS § 571–1, a minor's violation does not result in conviction[.]" Id. at 561, 993 P.2d at 595. He noted that he "would vacate the judgment of conviction and remand the case for resentencing." Id. at 561, 993 P.2d at 595.

## II. STANDARD OF REVIEW

■ "[T]he interpretation of a statute ... is a question of law reviewable de novo." State v. Arceo, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (quoting State v. Camara, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996) (citations omitted)). See also State v. Toyomura, 80 Hawai'i 8, 18, 904 P.2d 893, 903 (1995); State v. Higa, 79 Hawai'i 1, 3, 897 P.2d 928, 930, reconsider-

3. HRS § 431:10C–104 provides in relevant part that "no person shall operate or use a motor vehicle upon any public street, road or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy."

*ation denied,* 79 Hawai'i 341, 902 P.2d 976 (1995); *State v. Nakata,* 76 Hawai'i 360, 365, 878 P.2d 699, 704, *reconsideration denied,* 76 Hawai'i 453, 879 P.2d 558 (1994), *cert. denied,* 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).

*Gray v. Administrative Director of the Court,* 84 Hawai'i 138, 144, 931 P.2d 580, 586 (1997) (some brackets added and some in original). *See also State v. Soto,* 84 Hawai'i 229, 236, 933 P.2d 66, 73 (1997).

*Brown v. Thompson,* 91 Hawai'i 1, 9, 979 P.2d 586, 594 (1999) (quoting *State v. Dudoit,* 90 Hawai'i 262, 266, 978 P.2d 700, 704 (1999) (quoting *State v. Stocker,* 90 Hawai'i 85, 90–91, 976 P.2d 399, 404–05 (1999) (quoting *Ho v. Leftwich,* 88 Hawai'i 251, 256–57, 965 P.2d 793, 798–99 (1998) (quoting *Korean Buddhist Dae Won Sa Temple v. Sullivan,* 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998))))) (ellipsis points and brackets in original).

### III. *DISCUSSION*

▮ Riveira contends that the ICA "gravely erred in concluding that Mr. Riveira's juvenile adjudication constituted a conviction for purposes of applying the repeat offender sentencing provision for the offense of driving without no-fault insurance." Riveira's contention has merit. We agree that the following items are troubling: (1) the ICA majority's express disregard of the plain language of HRS § 571–1, *see supra* note 2, which provides that a juvenile adjudication is *not* a conviction; (2) the ICA majority's narrow reading of *Sylva;* and (3) the fact that the ICA's majority opinion opens the way for adult penalties to be applied as a matter of regular course to any offense committed by a juvenile. The dissent addresses these concerns succinctly and clearly.

### IV. *CONCLUSION*

Based on the foregoing reasoning, we (1) reverse the ICA majority's discussion and conclusion regarding the treatment of juvenile adjudications as convictions, (2) adopt the dissent, (3) leave undisturbed the ICA majority's discussion of jurisdiction, (4) vacate the district court's judgment of convic-

tion, and (5) remand the case for resentencing.