**Electronically Filed**
**Supreme Court**
**SCWC-14-0000384**
**05-AUG-2016**
**07:50 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

DANNETTE H. GODINES,
Petitioner/Defendant-Appellant.

SCWC-14-0000384

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000384; CASE NO. 3DTC-13-000064)

AUGUST 5, 2016

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

Dannette H. Godines received a citation for operating a vehicle without motor vehicle insurance in violation of Hawai'i Revised Statutes (HRS) § 431:10C-104 (2005).[1]  The District Court

---

[1]   HRS § 431:10C-104 (Conditions of operation and registration of motor vehicles) provides in relevant part:

(continued...)

of the Third Circuit[2] found Godines guilty and sentenced her to a $500 fine.  Upon appeal to the Intermediate Court of Appeals (ICA), Godines requested waiver of her transcript costs under HRS § 802-7 (1979).[3]  The ICA denied her request for waiver, reasoning that Godines was not a "criminal defendant" as required by the statute.  After several more attempts to get her transcript costs waived, Godines proceeded with her appeal without filing any of the district court transcripts.  She argued that the district court committed reversible error by failing to adjudicate her case pursuant to HRS Chapter 291D[4] and the Hawaiʻi Civil Traffic Rules (HCTR).  The ICA affirmed the district court,

---

[1](...continued)
> (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

> (b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.
> . . . .

[2]     The Honorable Barbara T. Takase presided.

[3]     HRS § 802-7 (Litigation expenses) provides in relevant part:

> The court may, upon a satisfactory showing that a criminal defendant is unable to pay for transcripts or witness fees and transportation, or for investigatory, expert or other services, and upon a finding that the same are necessary for an adequate defense, direct that such expenses be paid from available court funds or waived, as the case may be . . . .

[4]     HRS Chapter 291D is titled "Adjudication of Traffic Infractions."

concluding that HRS Chapter 291D does not apply to violations of HRS § 431:10C-104 and that the district court used the proper procedure.

In her application, Godines presents three questions:

A.  Whether the [ICA] gravely erred when it misinterpreted HRS §431:10C-117(a)(6), then misapplied it to the ruling in this matter in its Summary Disposition Order of December 21, 2015.

B.  Whether the [ICA] gravely erred under HRS §602-59 when it denied Petitioner the required waiver to facilitate the procurement of vital written transcripts based upon the finding that the violation of offense "constitutes a traffic infraction" as defined by HRS §291D and supporting case law, then turned and ruled in favor of Respondent based upon the complete opposite finding that the violation or offense "not be deemed . . . a traffic infraction as defined by chapter 291D."

C.  Whether the ICA gravely erred when it failed to surmise that the lower court should have disposed of this case on May 14, 2013 had it complied with [HRS] §805-13, the proper procedure for violations under [HRS §] 431:10C-104, and that other contributing factors, including the requirement of actual operation of a motor vehicle prior to being cited for said moving violation, would deem [HRS] §291D the proper application in this matter.

In short, Godines argues that the ICA (1) incorrectly concluded that HRS Chapter 291D did not apply to her case and (2) improperly denied her requests to waive transcript costs.

We conclude that the ICA correctly determined that HRS Chapter 291D did not apply to Godines' case, since HRS § 431:10C-117 (2006) clearly states that first time violations of HRS § 431:10C-104 "shall not be deemed to be a traffic infraction as defined by chapter 291D."  HRS § 431:10C-117(a)(6).

3

However, the ICA did err in denying Godines' request for transcript costs on the basis that she was not a "criminal defendant" under HRS § 802-7.  Although the punishment of a first time violation of HRS § 431:10C-104 does not include imprisonment, HRS § 431:10C-104 cases are adjudicated pursuant to criminal procedure in a criminal proceeding.  Further, the legislature sought to impose harsher penalties for HRS § 431:10C-104, as evidenced by the fact that multiple convictions under HRS § 431:10C-104 authorize imprisonment.  HRS § 431:10C-117(a)(5).  Thus, Godines should be considered a "criminal defendant" for the purposes of HRS § 802-7.

We therefore vacate the ICA's judgment on appeal and remand with instructions to consider Godines' request under HRS § 802-7 and determine whether she is entitled to payment of transcripts from available court funds.  If Godines is so entitled, the transcripts shall be included in the record on appeal, and the ICA should allow for supplemental briefing on issues other than those related to HRS Chapter 291D.

## I.  Background

### A.  District Court Proceedings

Godines received a citation for "No Motor Vehicle Insurance Policy," in violation of HRS § 431:10C-104.  After a bench trial, the court found Godines guilty beyond a reasonable doubt and sentenced her to the following:  "[Fine] $500, of which $450 suspended for a period of 6 months provided no further

4

similar violations; [Driver Education Assessment Fee] $7; [Administrative Fee] $40."

## B.    ICA Proceedings

Godines filed her notice of appeal and a "Motion for Leave to Proceed on Appeal In Forma Pauperis," stating that she was unable to pay the costs of her appeal.  The motion also expressed her intent to appeal the following issues:

> 1.  Lack of probable cause prior to police involvement preempting violation of civil rights;
> 2.  Criteria not met prior to issuance of citation;
> 3.  Lack of equity during trial court proceeding, plain and grave error, abuse of discretion;
> 4.  Existence of ample reasonable doubt; and,
> 5.  Questionable, even contemptuous behavior on the part of certain police officers, prosecuting attorneys and trial court.

The ICA granted Godines' motion to proceed in forma pauperis and ordered the clerk to "file the record on appeal without payment of the filing fee."[5]  Godines subsequently filed a "Request for Waiver of Prepayment of Court Costs," requesting "pursuant to HRS § 802-7 and any other applicable statute, that prepayment of . . . costs be paid from available court funds or waived, . . . includ[ing] transcripts or witness fees and transportation, investigatory, expert or other services[.]"

The ICA denied Godines' request, reasoning that Godines was not entitled to a waiver of appellate fees because HRS § 802-7 only applies to "criminal defendants."  The ICA noted that a single conviction under HRS § 431:10C-104 is not punishable by

---

[5]    The record on appeal consisting of the district court docket entries was filed.

imprisonment, and thus, Godines' citation constituted a traffic infraction. Because HRS § 291D-3(a) (2007) states that "[n]o traffic infraction shall be classified as a criminal offense[,]" the ICA determined that Godines had not been charged with a crime.

The ICA further reasoned that, pursuant to HRS Chapter 291D, "contested traffic citations are adjudicated at a hearing before a district court" and that "[a]n adjudication in favor of the State may be followed by a trial de novo." The ICA stated Godines' case was adjudicated with a trial de novo "consistent with the procedure for a traffic infraction rather than a criminal offense[.]"

Therefore, the ICA concluded that Godines was not entitled to a waiver of costs under HRS § 802-7. Godines did not pay the transcript costs requested by the court reporter, and no transcripts were filed in the record on appeal.

Godines filed--and the ICA denied--several motions repeatedly arguing that the court's grant of her motion to proceed in forma pauperis established her indigent status and that the transcripts were necessary to present her issues on appeal.

Her opening brief again stated that Godines was "severely crippled" by the ICA's denial of her waiver request and presented the following question on appeal:

> The question in this instant case is whether the trial
> [c]ourt committed reversible error by adjudicating a

traffic infraction as a traffic crime under the HRPP and HRE, sending Appellant directly to trial as a criminal defendant, yet without the provision of counsel, while the prosecutor maintained a presence all throughout the proceedings, as opposed to adjudicating the infraction in accordance with HRS §291D-8 and the HCTR [Hawaiʻi Civil Traffic Rules].

She stated that, pursuant to HCTR Rule 2,[6] District Court Rules of Civil Procedure (DCRCP) Rule 1,[7] HRS § 291D-8,[8] and HRS

----

[6]     HCTR Rule 2 (1994) provides:

(a)  Scope of Rules.  These rules govern the practice and procedure in the District Courts of the State of Hawaiʻi for all cases involving civil infractions except as otherwise provided by HRS Chapter 291D.
(b)  Purpose.  These rules shall be construed to secure the just, speedy and inexpensive determination of every charged infraction.

[7]     DCRCP Rule 1 (1996) provides:

These rules govern the procedure in the district courts of the State in all suits of a civil nature except as otherwise provided in Rule 81.  They shall be construed to secure the just, speedy, and inexpensive determination of every action.

[8]     HRS § 291D-8 (2007) provides in relevant part:

(a) In proceedings to contest a notice of traffic infraction where the person to whom the notice was issued has timely requested a hearing and appears at such hearing:
     (1)  In lieu of the personal appearance by the officer who issued the notice of traffic infraction, the court shall consider the notice of traffic infraction and any other written report made by the officer, if provided to the court by the officer, together with any oral or written statement by the person to whom the notice of infraction was issued, or in the case of traffic infractions involving parking or equipment, the operator or registered owner of the motor vehicle;
     (2)  The court may compel by subpoena the attendance of the officer who issued the notice of traffic infraction and other witnesses from whom it may wish to hear;
     (3)  The standard of proof to be applied by the court shall be whether, by a preponderance of the evidence, the court finds that the traffic infraction

(continued...)

§ 291D-14(b) and (d),[9] she "expected an informal hearing . . . which would have consisted of one hearing . . . and a decision, without the presence of Prosecution."  Godines argued that, in contrast, the district court "adjudicated this instant case in accordance with Hawaiʻi Rules of Penal Procedure (HRPP) and Hawaiʻi Rules of Evidence (HRE)."

        The ICA's Summary Disposition Order (SDO) determined that "Godines's argument that her alleged offense should have been handled pursuant to HRS Chapter 291D is incorrect."  It reasoned that HRS § 431:10C-117(a)(6) provides that Godines' violation--a first time offense under HRS § 431:10C-104--"shall not be deemed to be a traffic infraction as defined by chapter 291D."  Further, the ICA stated that failure to comply with HRS § 431:10C-104 is a violation, which constitutes a penal offense

_____

[8](...continued)
        was committed; and
            (4) After due consideration of the evidence and
        arguments, if any, the court shall determine whether
        commission of the traffic infraction has been
        established. . . .

[9]     HRS § 291D-14 (2007) provides in relevant part:

        (b) Chapter 626 shall not apply in proceedings
        conducted pursuant to this chapter, except for the
        rules governing privileged communications, and
        proceedings conducted under section 291D-13.
        . . . .
        (d) The prosecuting attorney shall not participate in
        traffic infraction proceedings conducted pursuant to
        this chapter, except proceedings pursuant to section
        291D-13 and proceedings in which a related criminal
        offense is scheduled for arraignment, hearing, or
        concurrent trial.

under HRS § 701-107(5).[10]  Thus, the ICA concluded that "[t]he district court did not err in the procedure it utilized."

The ICA further noted that "Godines also appears to contend that, if the trial court properly addressed her case outside of Chapter 291D, she was entitled to appointed counsel during her trial."  However, the ICA determined that she was not entitled to appointed counsel because "Godines was not subject to imprisonment for her first violation of HRS § 431:10C-104."  Accordingly, the ICA affirmed the district court's judgment.

## II. Standards of Review

### A.  Conclusions of Law

This court reviews the trial court's conclusions of law (COLs) de novo.  Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005).  "A COL is not binding upon an appellate court and is freely reviewable for its correctness."  Id.  "Moreover, a COL that is supported by the trial court's Finding of Facts and that reflects an application of the correct rule of law will not be overturned."  Id. (internal quotation marks, citations, and brackets in original omitted).

---

[10]   HRS § 701-107(5) (2005) provides:

An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime.  A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

9

**B.    Statutory Interpretation**

"Questions of statutory interpretation are questions of law reviewable de novo."  Gump v. Wal-Mart Stores, Inc., 93 Hawai'i 417, 420, 5 P.3d 407, 410 (2000).  In our review of questions of statutory interpretation, this court is guided by the following principles:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.

Awakuni v. Awana, 115 Hawai'i 126, 133, 165 P.3d 1027, 1034 (2007) (citation omitted).

### III. Discussion

Godines believes that her HRS § 431:10C-104 conviction should be overturned based on several errors made during her trial in the district court.

She argued to the ICA that she could not effectively raise all of her arguments on appeal without waiver of her transcript costs due to her indigent status.  The ICA denied her request for waiver of transcript costs under HRS § 802-7, on the

basis that Godines was not a "criminal defendant" and therefore the statute did not apply to her.

Based on the record of district court docket entries, Godines argued that her case should have been adjudicated as a decriminalized traffic infraction under HRS Chapter 291D, and not as a criminal offense. In the alternative, she appeared to argue that, since the district court treated her like a criminal defendant at trial, she should also be considered a criminal defendant for the purposes of HRS § 802-7. The ICA's SDO did not address HRS § 802-7 and rejected her HRS Chapter 291D arguments.

Thus, Godines' application raises two issues. First, we must determine whether the ICA correctly concluded that HRS Chapter 291D does not apply to Godines' HRS § 431:10C-104 offense. We conclude that the applicable statutes clearly provide that the decriminalized framework of HRS Chapter 291D does not apply here. Second, we must determine whether she should be treated as a "criminal defendant" under HRS § 802-7. Even though a first violation of HRS § 431:10C-104 does not meet the Hawai'i Penal Code definition of "crime," we hold that Godines is a "criminal defendant" for purposes of HRS § 802-7 because (1) multiple convictions under HRS § 431:10C-104 authorize imprisonment, and (2) the legislature specifically intended to give district courts the ability to consider first time HRS § 431:10C-104 convictions when imposing sentencing enhancements that require a finding of multiple convictions.

11

Thus, we vacate the ICA's Judgment on Appeal and remand this case to the ICA to determine whether Godines satisfies the requirements of HRS § 802-7.  If so, then Godines can obtain transcripts and proceed with her appeal on issues other than those related to HRS Chapter 291D.

**A.    The ICA correctly concluded that HRS Chapter 291D does not apply to HRS § 431:10C-104 violations.**

Godines contends that the ICA "wrongfully interpreted the language of HRS § 431:10C-117(a)(6)" and that her citation should have been adjudicated as a traffic infraction under HRS Chapter 291D.  Under HRS Chapter 291D, her hearing would have been informal, the prosecutor would not have been present, and the standard of proof would have been "preponderance of the evidence."  See HRS § 291D-1 (1993), HRS § 291D-8 (2007).  Godines also argues that HRS § 291D-9(a) bars "[t]he $500 fine imposed for first time offenders of HRS 431:10C-104" because it "would exorbitantly exceed the maximum fine of any traffic infraction[.]"

The ICA concluded that violations of HRS § 431:10C-104 are not adjudicated under HRS Chapter 291D but rather are subject to the provisions of HRS § 431:10C-117(a).  We agree.

Petitioner was charged with a first-time violation of HRS § 431:10C-104, which provides that "any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a)."  HRS § 431:10C-104(c) (1997).  HRS § 431:10C-117(a) provides the penalties for violations of HRS

12

Chapter 431-10C and states in relevant part:

> (B)  <u>If the person is convicted of not having had a</u>
> <u>motor vehicle insurance policy in effect at the time</u>
> <u>the citation was issued</u>, the fine shall be $500 for
> the first offense and a minimum of $1,500 for each
> subsequent offense that occurs within a five-year
> period from any prior offense[.]

HRS § 431:10C-117(a)(2)(B) (emphasis added).  HRS § 431:10C-117(a) specifically provides that "[a]ny violation as provided in subsection (a)(2)(B) <u>shall not be deemed to be a traffic infraction as defined by chapter 291D</u>."  HRS § 431:10C-117(a)(6) (emphasis added).

Thus, it is clear that HRS Chapter 291D would not apply to Godines' HRS § 431:10C offense.

**B.   The ICA erred in denying Godines' request for waiver of transcript costs under HRS § 802-7 on the basis that she was not a criminal defendant.**

Godines also argues that the ICA erred in denying her request for waiver of transcript costs under HRS § 802-7.  Godines does not clearly explain why HRS § 802-7 applies to alleged violations of HRS § 431:10C-104.  Rather, she points out a contradiction between the ICA's order denying her request and the ICA's SDO affirming the district court's judgment.  Godines notes that the ICA's order states that an HRS § 431:10C-104 offense "constitutes a traffic infraction" under HRS § 291D, whereas the ICA's SDO states that an HRS § 431:10C-104 offense is "<u>not</u> a traffic infraction within HRS Chapter 291D."  (Emphasis added).

HRS § 802-7 (1979), the statute relating to payment of

13

litigation expenses in criminal proceedings, provides:

> The court may, <u>upon a satisfactory showing that a
> criminal defendant is unable to pay for transcripts or
> witness fees</u> and transportation, or for investigatory,
> expert or other services, <u>and upon a finding that the
> same are necessary for an adequate defense, direct
> that such expenses be paid from available court funds
> or waived</u>, as the case may be; provided that where the
> defendant is represented by the state public defender
> or by other counsel appointed by the court except for
> such other counsel appointed by the court for reasons
> of conflict of interest on the part of the public
> defender, the public defender shall pay for or
> authorize payment for the same, if the public defender
> determines that the defendant is unable to pay for the
> same and that the same are necessary for an adequate
> defense, and if there is a dispute as to the financial
> ability of the defendant such dispute shall be
> resolved by the court.  In cases where other counsel
> have been appointed by the court for reasons of
> conflict of interest, the court may, upon the
> requisite showing of inability to pay and a finding
> that such expenses are necessary for an adequate
> defense as set forth above, direct that such expenses
> be paid from available court funds or waived, as the
> case may be.

(Emphases added).

The ICA concluded that HRS § 802-7 did not apply to
Godines because she was not a "criminal defendant."  It reasoned
that a single conviction under HRS § 431:10C-104 is not
punishable by imprisonment and, therefore, the conviction
constitutes a traffic infraction under HRS § 291D-2,[11] not a
criminal offense.

Godines is correct that the ICA's order and its SDO

---

[11]    HRS § 291D-2 (2007) defines "traffic infraction" as "all
violations of statutes, ordinances, or rules relating to traffic movement and
control, including parking, standing, equipment, and pedestrian offenses, for
which the prescribed penalties do not include imprisonment and that are not
otherwise specifically excluded from coverage of this chapter."

14

were inconsistent with regard to HRS Chapter 291D.  As explained above, HRS Chapter 291D does not apply to HRS § 431:10C-104 offenses, and, therefore, the ICA's order erred in denying Godines' request on this basis.

However, the question remains whether HRS § 802-7 applies to cases involving first time violations of HRS § 431:10C-104.  The prosecution of HRS § 431:10C-104 violations and the relevant legislative history show that Godines constitutes a "criminal defendant" under HRS § 802-7 and was entitled to appropriate consideration of her request for waiver of transcript costs.

The penalties for an HRS § 431:10C-104 violation differ depending on whether it is the first violation.  The penalty for a first time violation of HRS § 431:10C-104 is a fine, see HRS § 431:10C-117(a)(2)(B), whereas the authorized penalties for multiple convictions includes imprisonment:

> (5)  In the case of multiple convictions for driving without a valid motor vehicle insurance policy within a five-year period from any prior offense, the court, in addition to any other penalty, shall impose the following penalties:
> (A)  Imprisonment of not more than thirty days;
> (B)  Suspension or revocation of the motor vehicle registration plates of the vehicle involved;
> (C)  Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle, or any other cost involved pursuant to section 431:10C-301; or
> (D)  Any combination of those penalties[.]

HRS § 431:10C-117(a)(5) (emphases added).

Under the Hawaiʻi Penal Code, a "crime" is defined as

15

"[a]n offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized[.]" HRS § 701-107(1).  If imprisonment is not authorized upon conviction of an offense, then the offense constitutes a "violation," not a "crime":

> (5) An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or <u>if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction</u> or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime.  <u>A violation does not constitute a crime</u>, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

HRS § 701-107(5) (emphases added).

Thus, a first time violation of HRS § 431:10C-104 appears to be a violation, not a crime, because imprisonment is not authorized upon conviction.

However, even though a first time violation of HRS § 431:10C-104 does not meet the definition of "crime," HRS § 802-7 nonetheless applies to those accused of first time HRS § 431:10C-104 violations.

In <u>State v. Riveira</u>, the ICA addressed whether a first offense under HRS § 431:10C-104 was a criminal offense for jurisdictional purposes.  92 Hawaiʻi 546, 549, 993 P.2d 580, 583 (App. 1999), <u>rev'd on other grounds</u>, 92 Hawaiʻi 521, 993 P.2d 555 (2000).  Riveira's counsel filed his notice of appeal late, and the ICA had to determine whether Riveira was a "criminal

16

defendant" because "a criminal defendant is entitled, on his
first appeal, to effective counsel who may not deprive him of his
appeal by failure to comply with procedural rules." Riveira, 92
Hawaiʻi at 549, 993 P.2d at 583.

The ICA recognized that Riveira was not subject to
incarceration, but nevertheless concluded that he was a criminal
defendant by focusing on the criminal penalties and criminal
procedure that the legislature intended for HRS § 431:10C-104
violations:

> [O]ffenses which do not carry the possibility of
> imprisonment can also be considered criminal.  For
> example, improper mooring of vessel is a criminal
> offense, even though no prison sentence can be
> imposed.  State v. Simeona, 10 Haw.App. 220, 229, 864
> P.2d 1109, 1114 (1993), overruled on other grounds,
> State v. Ford, 84 Hawaiʻi 65, 929 P.2d 78 (1996).  The
> controlling factor is whether the legislature intended
> to classify the penalties as criminal or civil.
> Simeona, 10 Haw.App. at 229-32, 864 P.2d at 1114-15.
>
> Accordingly, a prosecution for driving without
> no-fault insurance is criminal in nature because the
> legislature intended the penalties to be criminal.
> The purpose of the no-fault insurance penalties is
> "[t]o deter persons from driving without motor vehicle
> insurance coverage not only through criminal
> penalties, but through a limitation on the ability of
> the uninsured motorist to recover for injuries in
> tort...."  (Emphasis added) 1983 Haw. Sess. L. Act
> 245, § 1 at 510-21, cited in Del Rio v. Crake, 87
> Hawaiʻi 297, 303, 955 P.2d 90, 96 (1998).[12]  The Del
> Rio Court also noted that the legislature's several
> approaches to enforcing universal no-fault coverage
> extend to "[c]riminal penalties including fines,

---

[12]     In Del Rio v. Crake, this court discussed the legislative history
of the no-fault motor vehicle insurance system in the context of addressing
the constitutionality of HRS § 431:10C-306, which "abolishes tort liability
. . . with respect for accidental harm arising from motor vehicle accidents
occurring in this State" for insured motorists.  Id. at 87 Hawaiʻi at 300, 955
P.2d at 93; HRS § 431:10C-306(a).

> possible license suspension, jail, and impoundment of the vehicle[.]" (Emphasis added) Id. at 302, 955 P.2d at 95.
>
> Finally, the legislature has provided a specific criminal procedure statute for HRS § 431:10C violations. HRS § 805-13 (HRS Chapter 805 is entitled "Criminal Procedure: District Courts."). See also State v. Shamp, 86 Hawai'i 331, 334-39, 949 P.2d 171, 174-79 (describing a driving without no-fault insurance case as "a criminal case," and applying a criminal state-of-mind requirement to the material elements of the offense).

Id. at 550, 993 P.2d at 584 (emphasis added).

This court reversed Riveira on other grounds and did not address the ICA's analysis that HRS § 431:10C-104 violations were criminal offenses. 92 Hawai'i at 521, 993 P.2d at 555. In the instant case, we agree with the ICA that the legislature intended, based on the applicable criminal procedure and criminal penalties, that those prosecuted for the first time under HRS § 431:10C-104 violations should be treated as criminal defendants for purposes of HRS § 802-7.

The fact that the legislature specifically made HRS Chapter 291D inapplicable to HRS § 431:10C-104 is significant. HRS Chapter 291D, titled "Adjudication of Traffic Infractions," was enacted to "further decriminaliz[e] certain traffic offenses and "streamlin[e] the handling of those traffic cases [to] achieve a more expeditious system for the judicial processing of traffic infractions."[13] HRS § 291D-1. The chapter states, "[n]o

---

[13] HRS Chapter 291D was designed to:

(1) Eliminate the long and tedious arraignment

(continued...)

18

penal sanction that includes imprisonment shall apply to a violation of a state statute or rule, or county ordinance or rule, that would constitute a traffic infraction under this chapter."  HRS § 291D-3(a).

In 2006, the legislature amended HRS § 431:10C-117 to add subsection (a)(6), which specifically states that first time violations of HRS § 431:10C-104 "shall not be deemed to be a traffic infraction as defined by chapter 291(D)."  2006 Haw. Sess. Laws Act 195, § 1 at 838.  The accompanying Senate Standing Committee Report explained the purpose of this amendment:

> Your Committee finds that there is a need to deter persons from driving without motor vehicle insurance. However, there is a concern regarding criminalizing a first time traffic violation.

---

[13](...continued)
> proceeding for a majority of traffic matters;
> (2) Facilitate and encourage the resolution of many traffic infractions through the payment of a monetary assessment;
> (3) Speed the disposition of contested cases through a hearing, similar to small claims proceedings, in which the rules of evidence will not apply and the court will consider as evidence the notice of traffic infraction, applicable police reports, or other written statements by the police officer who issued the notice, any other relevant written material, and any evidence or statements by the person contesting the notice of traffic infraction;
> (4) Dispense in most cases with the need for witnesses, including law enforcement officers, to be present and for the participation of the prosecuting attorney;
> (5) Allow judicial, prosecutorial, and law enforcement resources to be used more efficiently and effectively; and
> (6) Save the taxpayers money and reduce their frustration with the judicial system by simplifying the traffic court process.

HRS § 291D-1.

> Your Committee has amended this measure to incorporate an amendment agreed to by the Judiciary and the Office of the Public Defender to specify that the violation of not having a valid motor insurance policy is not a "traffic infraction" as defined in chapter 291D. This will allow district court judges to consider a first offense for the purpose of finding multiple convictions. Your Committee further amended this measure to delete the provision that would have allowed a court to impose a term of imprisonment of not more than forty-eight hours for a first offense.

S. Stand. Comm. Rep. No. 2564, in 2006 Senate Journal, at 1274 (emphasis added).

The legislature believed that motor vehicle insurance law violations were "of a serious nature" and should not be part of the "further decriminalization" of traffic offenses under HRS Chapter 291D.[14] HRS § 291D-1; see also HRS § 431:10C-102(b)(1) ("Those uninsured drivers who try to obtain the privilege of driving a motor vehicle without the concomitant responsibility of an ability to compensate adequately those who are injured as a result of a motor vehicle accident are to be dealt with more severely in the criminal or civil areas than those who obtain the legally required motor vehicle insurance coverage[.]") (emphasis

---

[14] In Riveira, the ICA explained the legislative purpose behind the more serious penalties under HRS § 431:10C:

> The legislature was convinced that the system of no-fault insurance can only be effective if all drivers participate to the extent required by law, and was especially concerned about a chronic systemic problem, the minority of which consistently refuses to obtain the motor vehicle insurance coverage required by law. . . . One of the mechanisms the legislature designed to deter driving without the required coverage is stiffer penalties for repeat offenders.

92 Hawai'i at 553, 993 P.2d at 587 (internal quotation marks, brackets, and citations omitted).

added).

Further, the legislature wanted first time convictions under HRS § 431:10C-104 to be considered "for the purpose of finding multiple convictions," even though the penalty for the first conviction does not include imprisonment.  S. Stand. Comm. Rep. No. 2564, in 2006 Senate Journal, at 1274.

Thus, whereas HRS § 291D-3(a) precluded imprisonment for traffic infractions, HRS § 431:10C-117 was amended to give district courts the ability to consider first time HRS § 431:10C-104 convictions when imposing sentencing enhancements that require a finding of multiple convictions.  See, e.g., HRS § 431:10C-117(a)(5)(A) (authorizing "imprisonment of not more than thirty days" for multiple convictions of HRS § 431:10C-117).  Given the serious consequences that can follow from even a first time conviction, it is appropriate to consider such offenders as "criminal defendants" for the purposes of HRS § 802-7.

Additionally, by specifically removing HRS § 431:10C-104 from the domain of HRS Chapter 291D, the legislature made clear that criminal procedure applies to HRS § 431:10C-104 offenses.  Under HRS Chapter 291D, a person who requests a hearing to contest a traffic infraction proceeds with fewer procedural protections than generally provided in criminal proceedings.  The standard of proof is preponderance of the evidence, the rules of evidence do not apply, and the court decides which witnesses, if any, it will call.  See HRS § 291D-1,

-8.  After the court enters judgment, the person can specifically request a trial, in which case the State will be represented by a prosecuting attorney, and the standard of proof is still preponderance of the evidence.  See HRS § 291D-13 (2007).

In contrast, HRS § 431:10C-104 offenses are adjudicated pursuant to HRS § 805-13, a criminal statute, and the Hawaiʻi Penal Code.[15]  See HRS § 805-13(a), (b); Lee, 90 Hawaiʻi at 136, 976 P.2d at 450 (applying HRS §§ 701-114, 701-115, and 702-205 to support its holding that proof of self-insurance is a defense in HRS § 431:10C-104 cases).  HRS § 805-13 is under the chapter providing the criminal procedure for district courts (Chapter 805: Criminal Procedure: District Courts).  It is also under Title 38: Procedural and Supplementary Provisions, which is the same title as HRS § 802-7, which is the statute at issue here.  Instead of the expedited procedure under HRS Chapter 291D, the State must prove each element of HRS § 431:10C-104 offenses beyond a reasonable doubt.  See HRS §§ 701-114.

This suggests that all HRS § 431:10C-104 cases are treated as criminal proceedings, even if first time violations of HRS § 431:10C-104 are not "crimes" as defined by the Hawaiʻi Penal Code.  If Godines is subject to criminal procedure in a

---

[15]    Godines also argues that the district court failed to follow the proper procedure under HRS § 805-13.  Specifically, she alleges, "The court did not dispose of the citation immediately, nor did it receive evidence that the required insurance was in force on the date of the citation before continuing proceedings."  The ICA did not address this issue because Godines did not raise it in her Opening Brief.  Given the lack of transcripts in the record, we cannot determine whether the district court properly followed procedures under HRS § 805-13.

criminal proceeding, she should be considered a "criminal defendant" under HRS § 802-7, particularly if she can be subjected to imprisonment for multiple convictions. See Black's Law Dictionary (defining "criminal defendant" as "[s]omeone who is accused in a criminal proceeding"). Indeed, the legislature specifically intended for first time HRS § 431:10C-104 convictions to be considered for the purpose of imposing sentencing enhancements. See S. Stand. Comm. Rep. No. 2564, in 2006 Senate Journal, at 1274.

Thus, the ICA erred in denying Godines' request for waiver of transcript costs under HRS § 802-7 on the basis that she was not a criminal defendant.

Therefore, we vacate the ICA's SDO and remand with instructions to consider Godines' request under HRS § 802-7 and determine whether she is entitled to waiver of her transcript costs. The ICA should consider two factors: (1) whether Godines "is unable to pay for transcripts . . . fees" and (2) whether the transcripts "are necessary for an adequate defense." HRS § 802-7. Pursuant to State v. Scott, to determine whether a particular transcript is necessary, the ICA should consider "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." 131 Hawai'i 333, 340, 319 P.3d 252, 259 (2013). If the two factors are satisfied, Godines' transcript costs should

23

be waived, and her appeal should proceed accordingly.  See id. at 345, 319 P.3d at 264 ("Although the language of HRS § 802-7 suggests that the court has discretion ['[t]he court may, upon the requisite showing ....'] to direct that transcript expenses are paid, the balance of the pertinent statutory language indicates that once a satisfactory showing of need for the transcripts and inability to pay has been made, the court should direct that such expenses be paid, unless alternative means for timely obtaining the transcripts are available.").

### IV.  Conclusion

For the foregoing reasons, the ICA correctly determined that HRS Chapter 291D did not apply to Godines' case, but it did err in denying Godines' request for waiver of transcript costs under HRS § 802-7 on the basis that she was not a "criminal defendant."  Thus, we vacate the ICA's January 22, 2016 judgment on appeal and remand this case so that the ICA can determine whether Godines otherwise satisfies the requirements of HRS § 802-7.  If Godines is entitled to payment of transcripts from available court funds, the transcripts shall be included in the record on appeal, and the ICA should allow for supplemental briefing on issues other than those related to HRS Chapter 291D.

Dannette Godines,
petitioner, pro se

Ryan K. Caday
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

